# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION

### CIVIL NO.  2:06CV31
### [2:03CR64-T]

ROBERT CHARLES ELAM,      )
                      )
        Petitioner,     )
                      )
      v.               )     **MEMORANDUM AND**
                      )        **O R D E R**
                      )
UNITED STATES OF AMERICA,  )
                      )
        Respondent.   )
_____ )

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  For the reasons stated herein, the Petitioner's motion is denied.

### I. PROCEDURAL HISTORY

On August 4, 2003, Petitioner was charged in a single count indictment with conspiracy to possess with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 841 (a)(1) and 846 .  **Bill of Indictment, filed August 4, 2003**.  On September 25,

2

2003, the Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to the indictment. **Plea Agreement, filed September 25, 2003**. In the plea agreement, Petitioner specifically stipulated that "the amount of methamphetamine that was known to or reasonably foreseeable by [him] was at least 1.5 kilograms but less than 5 kilograms (mixture)." [1] *Id.* **at 2**.

On September 30, 2003, the Petitioner appeared with his attorney before the Magistrate Judge for a Rule 11 hearing and formally entered his plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed September 30, 2003**. At the hearing, the Magistrate Judge placed the Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. *Id.* In answering the Magistrate Judge's inquiries, the Petitioner stated that he understood that the maximum penalty for the offense to which he was pleading was up to life imprisonment and that in the event the sentence imposed was harsher than Petitioner expected, he was still bound by his guilty plea. **Transcript of Plea and Rule 11 Hearing, filed March 28,**

---

[1] The plea agreement contained no stipulation as to the amount of marijuana.

3

**2005, at 6, 11**. Petitioner further stated that he was satisfied with the services of his counsel. *Id.* **at 9**. After hearing the Petitioner's answers to each of his questions, and finding that the Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted the Petitioner's guilty plea. *Id.* **at 30; Entry and Acceptance of Guilty Plea, *supra*, at 9.**

At his sentencing hearing on July 1, 2004, Petitioner, his counsel and counsel for the Government agreed that Petitioner would withdraw his objections to the presentence report  in exchange for the Government's recommendation of a three-level downward departure pursuant to USSG § 5K1.1 which would result in an adjusted offense level of 30 and a Guideline range of imprisonment of 108 to 135 months.  The Court specifically inquired of Petitioner as to whether he understood and accepted this agreement and Petitioner stated he did so.  The Court then asked Petitioner if he also understood that if the Court accepted the agreement, he would be sentenced in the Guideline range of 108 to 135 months. Petitioner stated, "Yes, sir." **Transcript of Sentencing Hearing, filed March 28, 2005, at 6.**  Petitioner's counsel withdrew his previously filed objections to the presentence report including an objection related to a role

4

enhancement and an objection to a criminal history point attributed to a

conviction in Georgia. *Id.* at 7 (**Mr. Brown: So it's an agreeable thing to**

**my client and probably, even if he, one, had prevailed on our**

**objections . . . which would be very difficult to do, . . . he would still**

**be better off by taking the downward departure.).**[2]  The Court

sentenced Petitioner to 112 months imprisonment followed by five years of

supervised release.  **Judgment in a Criminal Case, filed July 14, 2004.**

Petitioner filed a notice of appeal on August 23, 2004.  **Notice of**

**Appeal, filed August 23, 2004**.  The Fourth Circuit Court of Appeals

dismissed the Petitioner's appeal on October 17, 2005, after granting the

Government's motion to dismiss.  Petitioner did not petition the United

States Supreme Court for a writ of *certiorari.*  As a result, his conviction

became final, triggering the one-year statute of limitations 90 days after the

_____

[2] According to the revised presentence report prepared on June 30, 2004, Petitioner's base offense level was 34.  Petitioner also received a two-level upward adjustment for his role in the offense pursuant to USSG § 3B1.1(c), and a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b) resulting in an adjusted offense level of 33.  The Court granted the Government's motion for a three-level downward departure pursuant to USSG § 5K1.1 which resulted in an adjusted offense level of 30.  The Court also declined to give a two-level upward adjustment for obstruction recommended in the revised presentence report.  **Presentence Investigation Report, revised June 30, 2004, at 7.**

5

dismissal. ***United States v. Sosa***, **364 F.3d 507 (4th Cir. 2004).** Petitioner timely filed this §2255 motion on November 6, 2006, alleging that his attorney was ineffective by 1) failing to procure documentation of Petitioner's criminal history in order to prove he had a criminal history category of I instead of category II; 2) failing to explain to Petitioner that the Government could use statements by co-defendants regarding drug amounts against him; 3) failing to object to an enhancement for his role as a manager because that finding was not made by a jury; and 4) failing to submit the Petitioner's prepared statement to the Judge at the sentencing hearing. Petitioner also alleges that the Government engaged in prosecutorial misconduct because 1) the prosecutor never explained that the Government would rely on statements made by his co-defendants regarding drug amounts; 2) the prosecutor moved for an enhancement for his role as a manager; and  3) the Government violated the plea agreement by moving to dismiss Petitioner's  appeal in the Fourth Circuit.


## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions

6

to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, the Court has reviewed the Petitioner's motion and the record of criminal proceedings. The Court finds that such review clearly establishes the Petitioner is not entitled to any relief on his claims.

## III. ANALYSIS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* at 689; *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992);

7

*Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977).

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the Petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A petitioner who alleges ineffective assistance of counsel following entry of a guilty plea must meet an even higher burden. *See Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Fields*, 956 F.2d at 1294-99; *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a [petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Id.* (quoting Hill, *supra*, at 59); *see also Fields*, 956 F.2d at 1297.

8

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption and cannot do so by merely presenting conclusory allegations. *Carpenter v. United States*, 720 F.2d 546 (8th Cir. 1983).

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." *Fields*, at 1299 (citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977)). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991).

Petitioner claims that his counsel was ineffective for failing to procure documentation to show that his criminal history category was category I instead of category II. He also claims counsel should have objected to the role enhancement at sentencing. Yet, Petitioner concedes that his counsel "traded away" these objections in exchange for a three-level downward departure pursuant to USSG § 5K1.1. **Motion to Vacate, at 14.** In response to inquiries from this Court regarding his understanding of the agreement, Petitioner specifically stated that he understood and agreed

9

with the agreement. **Sentencing Transcript, at 6.** Petitioner further stated he understood that if the Court accepted the agreement, that he would be sentenced in the Guideline range of 108 to 135 months. *Id.* The Court notes that without such an agreement, Petitioner was facing a base offense level of 34 with a two-level increase for obstruction and a two-level increase for his role in the offense. **Presentence Report, *supra,* at 7.** Additionally, because of the obstruction adjustment, the probation officer was not recommending a three-level reduction for acceptance of responsibility. *Id.* Therefore, the Petitioner's adjusted offense level of 38 and a criminal history category II would have resulted in a Guideline range of 262 to 327 months imprisonment. As previously noted, this Court explained to Petitioner that if the Court accepted the agreement to waive objections to the presentence report in exchange for a downward departure, Petitioner would be sentenced in the Guideline range of 108 to 135 months. **Sentencing Transcript, at 6.** As a result of the agreement negotiated by his attorney with the Government, Petitioner was sentenced to 112 months imprisonment.

Because Petitioner specifically consented to waiving the previously filed objections in exchange for the § 5K1.1 downward departure, he

10

cannot now take the position that his counsel was ineffective for entering into the agreement and waiving the objections. Moreover, Petitioner was sentenced to 112 months imprisonment which is within the range that the Court explained he would receive if the Court accepted the negotiated agreement. Therefore, Petitioner also cannot establish either prong of the *Strickland* test.

Next, Petitioner claims his counsel was ineffective for failing to explain to him that the Government could use statements by co-defendants regarding drug amounts against him. Petitioner concedes that his counsel did object to the drug amount listed in the presentence report. **Motion to Vacate, at 15**. Indeed, a review of the presentence report and the objections filed in response thereto reveals that Petitioner's counsel objected to the drug quantity, including an objection to the drug calculation based on statements of co-defendants. **Presentence Report, at 5-6; Objections to Presentence Report, *included in* Presentence Report, at 17.** Given that Petitioner's counsel made objections regarding drug quantities, including drug quantities attributed to him by co-defendants, Petitioner has not established ineffectiveness by his counsel. Furthermore, because Petitioner was sentenced in a range consistent with the quantity

11

of drugs to which he stipulated in the plea agreement, Petitioner cannot

establish prejudice for his counsel's alleged failure to explain to Petitioner

that statements made by his co-defendants in a drug conspiracy case can

effect his sentence. Petitioner has not established either prong of the

*Strickland* test.

Finally, Petitioner contends that his counsel was ineffective for failing

to bring to the sentencing hearing a statement Petitioner had prepared to

read to the Court. The sentencing transcript reveals that Petitioner's

counsel explained to the Court that Petitioner had written a statement to be

read to the Court but that counsel did not bring it with him to the hearing.

Counsel asked that Petitioner be permitted to address the Court without

the prepared statement. **Sentencing Transcript, at 12**. Petitioner then

addressed the Court and expressed remorse for his actions explaining that

his choices were the result of fear and desperation. *Id.*

The failure to bring a prepared statement to Court is not the kind of

error that rises to the level of ineffective assistance of counsel. Moreover,

Petitioner was afforded the opportunity to address the Court and did so at

his sentencing hearing. Therefore, Petitioner cannot establish the either

prong of the *Strickland* test.

12

Next, Petitioner contends the prosecutor engaged in prosecutorial misconduct because 1) the prosecutor never explained that the Government would rely on statements made by his co-defendants regarding drug amounts; 2) the prosecutor moved for an enhancement for a managerial role, an issue which was not part of the plea agreement and not explained to Petitioner; and 3) the Government violated the plea agreement by moving to dismiss Petitioner's appeal in the Fourth Circuit.

Petitioner's prosecutorial misconduct claims are procedurally defaulted. Claims that could have been raised on direct appeal, but were not, are procedurally defaulted. **See *Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).** A review of the record reveals that Petitioner filed a direct appeal, but did not raise any of the prosecutorial misconduct claims raised in this motion therein. Furthermore, Petitioner does not sufficiently allege any basis for finding that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. His failure to raise these claims on direct review has resulted in their being procedurally defaulted. *Id.* It also bears noting that the allegations do not rise to the level of prosecutorial

13

misconduct. *See United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002).

The Court, therefore, finds that, upon review of the Petitioner's § 2255 motion and the relevant record evidence, Petitioner has not established his claims of ineffective assistance of counsel and that his prosecutorial misconduct claims are procedurally barred. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Petitioner's motion will be denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: June 12, 2007

Lacy H. Thornburg
United States District Judge